Shearer, J.
In July, 1888, Philip and Catherine Kern, gave notice of their intention to appeal to this court from a decree entered against them in the common pleas.
In due time, to-wit: August 6,1888, appellants gave an undertaking in appeal, with sureties approved by the clerk, conditioned that said appellants should ‘prosecute their appeal to eftect without unnecessary delay, and abide and perform the order and judgment of said District Court, and pay all damages and costs which might be awarded against them.’
Motion is now made by the appellee to dismiss the appeal for want of a proper undertaking. This is resisted by the appellants, who ask leave to file an amended bond, or to amend the bond on file by substituting the word “circuit” for “district” where the latter occurs therein.
Ever since April, 1857, (S. & C. 1169), the statutes of this state have contained substantially the provisions of section 5233 Rev. Stat., respecting the amendment or renewal of appeal bonds.
This section, among other things, provides that “if the undertaking is insufficient in form or amount, the circuit court, on motion, may order a change or renewal of the undertaking, or a new undertaking to be given * * *; and if the order of the circuit court be complied with, the appeal shall not be dismissed, but the court shall hear and determine the cause in the same manner as if the order had not been made; but otherwise the appeal shall be dismissed.”
This provision does not limit the power of this court to grant leave to amend or renew an undertaking for appeal to cases in which such undertaking is formally defective or insufficient in amount. An application to change or renew such an under *37 taking is a “proceeding,” and is governed by section 5114 Rev. Stat.
Irwin v. Bank of Bellefontaine, 6 Ohio St. 81; Negley v. Jeffers, 28 Ohio St. 90-97; Johnson v. Johnson, 31 Ohio St. 131; Watts v. Shewell, Id. 131.
Under said last named section, in furtherance of justice, the court may “amend any pleading, process ox proceeding, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect That the defect in the undertaking under consideration was a mistake is obvious from the notice of intention to appeal to the circuit court.
It is claimed in argument that the undertaking given is a nullity, and that there is nothing to amend by. We cannot assent to this. All the essentials of an undertaking are found in the instrument. There are obligor and obligee, a penalty and a condition. Its defect depends upon a fact dehors the obligation.
These views are not in conflict with the holdings of this court upon motions to dismiss appeals perfected in the district court while it was in existence, for failure to comply with the statute requiring a new undertaking to be given in the circuit court, within thirty days after its organization.
In such case there was no defect in the original undertaking to be cured or amended. The b.onds given were appropriate and in accordance with the law when they were given; but by reason of the abolishment of the district court and the creation of the circuit court as a substitute therefor, it became necessary to require a new and different bond in the latter court for the protection of the appellee; and upon failure to comply with this express requirement, the court had no election but to dismiss the appeal, not for defects, informalities or mistakes, but for a failure to give the additional bond required by law as a condition precedent to the right or power of the court to hear and determine the cause.
The motion to dismiss the appeal is overruled, and leave is granted the defendants to amend within sixty days the defective instrument, with the written consent of the sureties to be annexed to and filed with the amended undertaking; or *38 defendants may file in this court, by way of amendment, a new appeal undertaking, with sureties approved by the clerk.
Haynes & Swadener and A. A. Winters, for the motion.
J. L. H. Frank and J. A. McMahon, contra.